FILED
United States Court of Appeals
Tenth Circuit

April 9, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JUSTIN J. RUEB #94567, a/k/a
JUSTIN RUEB, a/k/a JUSTIN
JOSEPH RUEB; ALAN MEADS;
GEORGE SHANKLIN; RUDY BALL,

     Plaintiffs-Appellants,

LEROY ARMIJO; CESAR
CABRERA, JR.; JORDON BURDEN;
RAYMOND CAIN; FRANCISCO
CORDOZA; SHANE CROOK;
ANASTASIA HELOV; ROY
HERNANDEZ; DARYL WAGNER;
VERNON TEMPLEMAN; RAY
MAYNES; GILBERT MONTUR;
LARRY SCOTT; JARED
VILLAREAL; CARLOS
MONDRAGON; BOBBY
VALENZUELA; KHADASI Z.
HORLEN; JACOB OAKLEY; LARRY
UPTON; WAYNE LUOMA;
PATRICK PLACENSIO; SHAWN
SHIELDS; RICKY MAES; DUSTIN
SHERWOOD; JOHNNY J.
QUINTANA; JAMES R.
WASHINGTON,

     Plaintiffs,

v.

ARISTEDES ZAVARAS; BROWN
(CAPTAIN); JOHN OR JANE DOE
#3; DENNIS BURBANK;
KATHLEEN BOYD; DANIEL DENT;
JIM GENTILE; CATHIE HOLST;
JOHN OR JANE DOE # 1; C.

No. 09-1313
(D.C. No. 1:09-CV-00072-ZLW)
(D. Colo.)

McCARTY; CHRISTINE MOSCHETTI; R. OLIVETT; LARRY REID; C. ROY; PEGGY STEELE; RICHARD WREN; D. ZUPAN; BUCHANAN; EUGENE ATHERTON; C. BARR; CORTEZ; D. P. DIAZ; SUE GRISENTI; H. T. HUERTAS; JOHN DOE # 2; MUNSON; M. N. McCORMICK; JAMES A. OLSON; J. ROMERO; KEN SALAZAR; R. TWILLENER; D. WILLIAMS; BROWN (SERGEANT); S. OWENS; BOBBY ALLEN; Y. BROWN; ANNE DEFUSCO; DANNY FOSTER; M. HILDEBRAND; CARL HOLDITCH; J. JIMINEZ; McGREGORY; C. MAY; PANEK; RODECAPE; JOHN SUTHERS; G. VENDETTI; H. WILLIAMS; ANTHONY DECESARO; R. WILLIAMS; ROBERT ALLEN; BRANDT; JAMES DALTON; S. GARCIA; HALSTEAD; SUSAN JONES; ANGEL MEDINA; MARTINEZ; DONICE NEAL; J. PEDRIE; W. RICHTER; JOHN STONER; H. WILKINS; J. WRIGHT,

Defendants-Appellees.

**ORDER AND JUDGMENT**[*]

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **MURPHY**, **McKAY**, and **BALDOCK**, Circuit Judges.

This prisoner-civil-rights case was originally filed by forty-eight state prisoners, all of whom are in Colorado administrative segregation facilities, and two private persons asserting numerous claims for relief and challenging the constitutionality of a number of Colorado Department of Corrections (CDOC) policies, including policies regarding marriage by prison inmates, conjugal visits, family visits, and strip searches.[1]  The district court issued an order directing plaintiffs to file an amended complaint using the proper court form and to provide addresses for each named plaintiff and each named defendant.  The order also directed each plaintiff, other than Mr. Justin Rueb, to submit a proper 28 U.S.C. § 1915 motion and affidavit along with a certified copy of each prisoner's trust-fund statement for the six-month period immediately preceding the filing.[2]  Although an amended complaint was filed, twenty-nine plaintiffs failed to file their § 1915 motions and affidavits or to file their certified trust-fund statements. As a result, the district court issued an order dismissing those plaintiffs from the suit.

---

[1]     Defendants-appellees were not served in the district court and have not entered an appearance or filed a brief in this appeal.

[2]     The court had apparently received the proper § 1915 materials from Mr. Rueb.

3

On June 4, 2009, the district court issued an order denying class certification, denying plaintiffs' request for joinder, and concluding that the parties were misjoined because "[a]llowing Plaintiffs to proceed as a group will cause unnecessary delay, expense, potential confusion, and burden on the part of the Court, as well as Defendants, and will undermine the principle of fundamental fairness implicit in Fed. R. Civ. P. 20(b) and Fed. R. Civ. P. 21." R. Vol. 3 at 386. Noting that "[p]roceeding *in forma pauperis* in a civil case is a privilege, not a right --fundamental or otherwise," the district court refused to permit plaintiffs "to continue their abusive tactics clearly intended to burden and overwhelm the Court and Defendants with unduly complicated litigation." *Id.* The court dismissed all remaining plaintiffs except Mr. Rueb and explained that the dismissed plaintiffs were free to initiate their own actions. The court also denied all pending motions, including the motion to appoint counsel.

Mr. Rueb was then given thirty days in which to file an amended complaint limited to his own claims. The court went to great lengths in its June 4 order to explain to Mr. Rueb the purposes of a complaint and the requirements of Fed. R. Civ. P. 8. On July 16, when Mr. Rueb had failed to file the amended complaint within the time allowed, the district court dismissed the complaint and the action without prejudice for failure to comply with the June 4 order and for failure to prosecute. Judgment was entered the same day in favor of defendants and against Mr. Rueb. Mr. Rueb and three other inmates appeal.

4

Appellants take exception to all of the orders of the district court, concluding ultimately that dismissal of the entire lawsuit was "abusive." Opening Br. at 1. Specifically, they argue that various groups of plaintiffs should not have been dismissed, that it was an abuse of discretion to "refute[] the plaintiffs' collective right to share and divide the $350 filing fee equally in this case," *id.* at 2, that the refusal to allow joinder was an abuse of discretion, that it was error to deny appointment of counsel and class certification, and that "the District Judge abused her discretion by dismissing this lawsuit to punish plaintiff Rueb for failing to 'cure' ficticious [sic], non-existent inadequacies in the complaint," *id.* The only issue properly before us on appeal, however, is whether the dismissal for failure to comply with Fed. R. Civ. P. 8 and for failure to prosecute was proper. We conclude that it was, and we affirm.

Our jurisdiction arises under 28 U.S.C. § 1291. Rule 8 of the Federal Rules of Civil Procedure requires, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement of Rule 8(a)(2) that allegations in a complaint plausibly suggest (and not be merely consistent with) illegal conduct by the defendants means that the Rule's "plain statement" must have "enough heft" to demonstrate that the pleader is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Mr. Rueb's amended complaint named fifty plaintiffs, covered ninety-five pages, and listed 124 claims. The amended complaint failed to comply in many respects with Rule 8. For instance, claims were made without the factual support to show a plausible claim to relief. *See id.* at 570. Further, many of the claims failed to mention a specific time, place, or person involved with the alleged offenses, thus providing inadequate notice to defendant or defendants. *See id.* at 565 n.10. It was clear that not all claims applied to all plaintiffs, but no effort was made to delineate which claims applied to whom.

When the district court dismissed all plaintiffs except Mr. Rueb, it ordered him to file another amended complaint complying with Rule 8 and limited solely to his own claims. Mr. Rueb failed, and indeed refused, to comply with that order. As a result, the district court dismissed the case without prejudice. At that point, this case was concluded. None of the district court's other rulings are before us because Mr. Rueb's refusal to amend his complaint in order to comply with Rule 8 ended the matter. Because the dismissal was without prejudice, however, the substantive issues raised, particularly those concerning class certification and appointment of counsel, are not foreclosed from being raised in any subsequent proceeding, subject to any applicable statute of limitations.

Mr. Rueb's motions to update and supplement issues on appeal are DENIED. The proposed supplemental material was considered but was found not to be relevant to the controlling issue in this case which was dismissed for failure

6

to comply with the court's order to file an amended complaint in compliance with Rule 8.  Mr. Rueb's motion to vacate this court's October 21, 2009, order dismissing the majority of the appellants from this appeal for failure to file the required motion to proceed without prepayment of the filing fees is DENIED. Appellants' motion for leave to proceed without prepayment of the appellate filing fees is GRANTED.  Appellants are reminded that they are obligated to continue making partial payments until the entire fee has been paid.

The judgment of the district court dismissing this case without prejudice is AFFIRMED.

Entered for the Court


Monroe G. McKay
Circuit Judge